## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | | |
|---|---|---|
| **YOGEV SHAT, on behalf of himself and all others similarly situated,** | § § § | **Case No.** <u>3:24-cv-02202</u> |
| **Plaintiffs,** | § § § | |
| **v.** | § § | **ORIGINAL VERIFIED COLLECTIVE ACTION OR, ALTERNATIVELY, CLASS ACTION COMPLAINT** |
| **SUPREME GARAGE DOOR, LLC, and RON DAHARI** | § § § § | |
| **Defendant.** | § § | **JURY TRIAL DEMANDED** |

Yogev Shat ("**Mr. Shat**" or "**Plaintiff**"), on behalf of himself and all others similarly situated, files this Original Verified Collective Action or, Alternatively, Class Action Complaint against Defendants Supreme Garage Door, LLC ("**Supreme**"), and Ron Dahari ("**Dahari**"), concerning their acts, omissions, and status upon actual knowledge, and all other matters upon information, belief, and investigation, and respectfully shows the Court the following:

## I. NATURE OF THE CASE

1.      Plaintiff brings this individual and collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("**FLSA**"), on behalf of himself and all other similarly situated non-exempt, hourly employees (including those misclassified as independent contractors) of Supreme, forming the putative FLSA Collective ("**Collective Members**"), for Defendants' knowing failure to pay regular and/or overtime wages to the Collective Members for work performed and/or knowingly requiring, suffering, or permitting the Collective Members to work less than 40 hours per week without paying minimum wages for all time worked, and/or more than 40 hours per week without paying overtime wages, all while misclassifying some Collective Members (including Plaintiff) as independent contractors when, in fact, they were employees, and thereby forcing them to pay employer-side payroll taxes that Supreme should have paid.

2.      Alternatively, Plaintiff brings this class action on behalf of himself and all other similarly situated non-exempt, hourly paid employees (including those misclassified as independent contractors) in Texas ("**Texas Class**") under Federal Rule of Civil Procedure 23 to remedy Supreme's breach of contract by failing to pay wages to Plaintiff and the Texas Class.

3.      Additionally, Plaintiff brings related individual claims regarding personal injuries he suffered while on the job working for Supreme.

## II.  THE PARTIES

4.      Yogev Shat is an adult citizen of the State of Texas. A written consent form for Mr. Shat to serve as Collective Representative is attached hereto as **Exhibit A**. Executed consents from collective members will be filed as supplements to this Complaint.

5.      Defendant Supreme Garage Door, LLC, is a Texas limited liability company doing business in Dallas County, Texas. Supreme may be served with process through its registered agent, Ron Dahari, at its registered office, 7765 El Pensador Drive, Dallas, Texas 75248, or anywhere else Ron Dahari may be found. Issuance of citation to this Defendant is requested.

6.      Defendant Ron Dahari is an adult individual residing in Dallas County, Texas. He may be served with process at his usual place of business, 7765 El Pensador Drive, Dallas, Texas 75248, or anywhere else he may be found. Issuance of citation to this Defendant is requested.

## III.  JURISDICTION AND VENUE

7.      This Court has jurisdiction of this action under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer…in any Federal or State court of competent jurisdiction"), and under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff pleads a claim under the FLSA. Moreover, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. This Court also has jurisdiction over Plaintiff's class

action breach of contract claims and individual personal injury claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction). The class action breach of contract claims and individual personal injury claims are so closely related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is appropriate in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides and does business within this District and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## IV. <u>BACKGROUND FACTS</u>

9.      Supreme hired Plaintiff as a garage door installation and service technician on or about August 7, 2023.

10.     Supreme characterized Plaintiff as an independent contractor and forced him to sign an Independent Contractor Agreement.

11.     In reality, however, at all times throughout his employment with Supreme, Plaintiff was an employee subject to Supreme's direction and control. For example, without limitation:

a.      Plaintiff had no prior training or experience in garage door installation or service work before Supreme hired him—which Supreme fully knew at the time. Supreme provided limited training to Plaintiff and required that he perform his job as they directed.

b.      Despite the Independent Contractor Agreement suggesting Plaintiff could work elsewhere, Supreme required Plaintiff to remain "on call" for a regular daily shift (usually at least 8 hours), with start and stop times set by Supreme, on a regular, non-sporadic schedule set by Supreme. Moreover, Supreme sourced the jobs and assigned them to Plaintiff and other Class Members, and the services provided by Plaintiff or other Class Members are inseparable from the business of Supreme – they *are* its business.

c.      Supreme required Plaintiff to wear clothing bearing the Supreme Garage Door logo and to use a Supreme-owned vehicle for work (while reimbursing undisclosed amounts for insurance) or to place Supreme-branded signage on his own vehicle if used for work.

d.      Other than a couple of generic items (like a screwdriver), Supreme bought, stored, and provided all tools of the trade, including all of the parts it required Plaintiff to use.

12.     At all times relevant to this lawsuit, Dahari owned and controlled Supreme, and he failed to cause it to pay wages to Mr. Shat and the other putative Collective Members. Alternatively, Dahari holds or held a significant ownership interest in Supreme.

13.     Moreover, at all times relevant to this suit, Dahari exercised full day-to-day operational control over the affairs of Supreme, including without limitation Dahari acting directly or indirectly in the interests of Supreme with respect to hiring, firing, supervising, controlling work schedules and conditions of employment, and making wage payment decisions with respect to Mr. Shat and other similarly situated non-exempt hourly employees of Supreme (including those misclassified as independent contractors). For example, without limitation: at all times relevant to this suit: (a) Dahari had and exercised the powers to hire and fire Mr. Shat and other similarly situated non-exempt hourly employees of Supreme (including those misclassified as independent contractors), to supervise or control his and their work schedules and conditions of employment, to direct him and them how to perform their job, to require him and them to wear Supreme-branded clothing and drive Supreme-branded (if not also owned) vehicles, and to determine his and their rate and method of payment of wages with undisclosed sums withheld for undisclosed purposes at undisclosed rates; and (b) Dahari was directly or indirectly responsible for, or at least had knowledge of and failed to correct, the failure to pay Mr. Shat and other similarly situated non-

exempt hourly employees of Supreme regular and/or overtime wages, including without limitation via Supreme misclassifying employees as independent contractors.

14.     At all times relevant to this suit, Supreme was an "employer" of Mr. Shat and similarly situated non-exempt hourly employees of Defendant within the meaning of the FLSA.

15.     At all times relevant to this suit, Defendants maintained control, oversight, and direction over Mr. Shat and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to Mr. Shat and similarly situated employees (including those misclassified as independent contractors).

16.     At all times relevant to this suit, Defendant applied the same employment policies, practices, and procedures to, and exerted the same formal and functional control over, all non-exempt, hourly employees, including Mr. Shat and similarly situated employees (including those misclassified as independent contractors).

17.     At all times relevant to this suit, Supreme had at least two employees and Supreme's annual gross volume of sales or business done was at least $500,000.

## V. <u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>

18.     Plaintiff brings this collective action for himself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime wages, liquidated damages, and other damages related to Defendants' violations of the FLSA.

19.     Plaintiff pursues this action on behalf of the following Collective Members:

> All individuals who currently work, or have worked, for Defendants as non-exempt, hourly paid employees, including those Defendants misclassified as independent contractors, during the applicable statute of limitations period, and performed regular and/or overtime work without receiving all wages owed for such work and/or while being forced to pay employer-side payroll takes for such work instead of Supreme paying such taxes.

20.     Plaintiff is one of the Collective Members whom he seeks to represent because he was classified by Supreme as an independent contractor but, in reality, worked for Supreme as a non-exempt employee on an hourly basis during the relevant period, and he was routinely required, suffered, or permitted to work less and/or more than 40 hours per week but was not paid regular wages and/or overtime wages and was forced to pay employer-side payroll taxes on his own work instead of Supreme doing so.

21.     Even though Plaintiff and the Collective Members did not satisfy any test for exemption and were not independent contractors due to the direction and control that Defendants exercised over them, Defendants engaged in a common scheme requiring, suffering, or permitting Plaintiff and/or Collective Members to work without regular pay and/or overtime pay and while paying employer-side payroll taxes on their own work instead of Supreme doing so.

22.     Although Plaintiff and the Collective Members may have had different job titles, been hired by different individuals, and/or worked in different locations during the relevant period, this action may be properly maintained as a collective action because Plaintiff and the Collective Members were similarly situated, including without limitation as follows:

a.      Plaintiff and Collective Members were hired by or at the direction of Dahari and assigned to work for Supreme.

b.      Supreme required Plaintiff and Collective Members to follow its company policies, practices, and directives.

c.      Plaintiff and Collective Members all either were non-exempt employees misclassified as independent contractors or were non-exempt employees expressly classified as such.

d.      Plaintiff and Collective Members were all hourly employees required to work regular hourly shifts with minimum hours and with schedules set by Supreme that occupied an entire work day.

e.      Plaintiff and Collective Members all worked less than 40 hours per week at times and over 40 hours per week at times.

    f.       Defendants required, suffered, or permitted Plaintiff and Collective Members to work for less than minimum wage pay when working less than 40 hours per week.

    g.      Defendants required, suffered, or permitted Plaintiff and Collective Members to work for less than minimum wage pay and/or without overtime pay when working in excess of 40 hours per week.

    h.      Regardless of their job title or location, Defendants did not pay Plaintiff and the Collective Members an hourly rate for all time worked, including both time worked less than 40 hours per week and time worked in excess of 40 hours per week.

    i.       Regardless of their job title or location, Defendant did not pay Plaintiff and the Collective Members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week.

    j.       Defendant maintained common timekeeping systems and policies with respect to Plaintiff and the Collective Members regardless of their job title or location.

    k.      Defendant failed to record all the time actually worked by Plaintiff and Collective Members.

    l.       Defendant maintained data and/or records showing that Plaintiff and Collective Members worked less and/or more than 40 hour per week without minimum wage pay and/or without an overtime premium.

23.    Plaintiff estimates that there will be at least ten Collective Members and potentially far more, including both current and former employees over the relevant period.

24.    The precise number of Collective Members should be readily available from Supreme's personnel records, scheduling records, time records, and from input received from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

25.    Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

26.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## VI. <u>IN THE ALTERNATIVE, CLASS ALLEGATIONS</u>

27.     In the alternative, Plaintiff brings this class action for breach of contract under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following "**Texas Class**":

> All individuals who currently work, or have worked, for Defendants as non-exempt, hourly paid employees, including those Defendants misclassified as independent contractors, during the applicable statute of limitations period, and performed regular and/or overtime work without receiving all wages owed for such work and/or while being forced to pay employer-side payroll takes for such work instead of Supreme paying such taxes.

28.     Excluded from the Texas Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Texas Class.

29.     The persons in the Texas Class identified above are so numerous and difficult to reach (despite efforts to do so) that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

30.     On information and belief, the Texas Class includes at least ten employees.

31.     Defendant acted or refused to act on grounds generally applicable to the Texas Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Texas Class as a whole.

32.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are material questions of law and fact common to the Texas Class that predominate over any questions solely affecting individual members of the Texas Class, including but not limited to:

a.      whether Defendant failed to keep true and accurate time and other records for all work by Plaintiff and the Texas Class;

b.      what proof of work is sufficient where an employer fails in its duty to maintain true and accurate records;

c.      whether Independent Contractor Agreements between Supreme and the Texas Class members are valid and binding or are void because the Texas Class were all in fact non-exempt employees, even if Supreme misclassified them as independent contractors;

d.      whether Defendant failed and/or refused to pay Plaintiff and the Texas Class wages for work less than 40 hours per workweek as required by applicable law governing the employment relationship;

e.      whether Defendant failed and/or refused to pay Plaintiff and the Texas Class overtime pay for work in excess of 40 hours per workweek as required by applicable law;

f.      the nature and extent of the class-wide injury and the appropriate measure of damages for the Texas Class;

g.      whether Defendant have a policy of denying Plaintiff and the Texas Class compensation for hours worked under 40 hours in a workweek; and

h.      whether Defendant has a policy of denying Plaintiff and the Texas Class compensation for hours worked over 40 in a workweek.

33.     Plaintiff's claims are typical of the claims of the Texas Class he seeks to represent, including claims for breach of contract and for declaratory judgment.

34.     Plaintiff and the Texas Class Members work or have worked for Defendant in Texas and have been subjected to Defendant's policy and pattern or practice of failing to pay regular and overtime wages for hours worked less than and in excess of 40 hours per week, and/or of misclassifying employees as independent contractors to force them to pay the employer-side payroll taxes instead of Supreme doing so, all in breach of Plaintiff's and the Texas Class Members' contractual rights as employees of Supreme, including such rights imposed and impliedly made part of the employment contract by applicable law.

35.     Defendants acted and refused to act on grounds generally applicable to the Texas Class, thereby making declaratory relief with respect to the Texas Class appropriate.

36.     Plaintiff has retained counsel competent and experienced in employment and complex class action litigation.

37.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

38.     The members of the Texas Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.

39.     Although the relative damages suffered by individual members of the Texas Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.

40.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### VII. CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

41.     All of the work that Plaintiff, the FLSA Collective Members, and the Texas Class members (together, "**Class Members**") performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and the Class Members have performed.

42.     Defendant employed Class Members in Texas.

43.     Upon information and belief, Defendant's business is a centralized, top-down operation controlled by Dahari in Dallas, Texas.

44.     Pursuant to corporate policies formulated in whole or in part at Defendants' headquarters in Dallas, Defendant has denied Collective Members and Class Members compensation for hours worked both under and over 40 hours in a workweek and forced Collective Members and Class Members to pay employer-side payroll taxes that Supreme should have paid.

45.     Pursuant to corporate policies formulated in whole or part at Defendant's headquarters in Dallas, Defendant has encouraged and required Collective Members and Class Members to work less than and/or more than 40 hours per workweek without pay and forced Collective Members and Class Members to pay employer-side payroll taxes that Supreme should have paid.

### VIII. <u>CAUSES OF ACTION</u>

**A.     COUNT 1: VIOLATION OF THE FLSA**
**(PLAINTIFF AND THE FLSA COLLECTIVE MEMBERS V. DEFENDANTS)**

46.     All paragraphs through Section VII of this Petition are hereby incorporated by reference as if fully set forth herein.

47.     At all times relevant to this suit, Defendants are and were an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is and was engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A). Specifically, Defendants were in the business of selling or otherwise working on goods or materials that have moved in or been produced for commerce by any person, namely, garage doors and parts for them.

48.     At all times relevant to this suit, Defendants are and were "employers" as defined by the FLSA and case law construing it.

49.     Plaintiff and the Collective Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) for the reasons identified hereinabove.

50.     The FLSA, at 29 U.S.C. § 206(a)(1), states that employees must be paid a minimum wage for all hours worked under 40 hours per week.

51.     The FLSA, at 29 U.S.C. § 207(a)(1), states that employees must be paid an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

52.     Throughout the relevant period, Plaintiff and Collective Members were either misclassified as independent contractors but really acted as employees, or were classified as employees, and in either case were "non-exempt" from the FLSA's overtime requirements.

53.     Throughout the relevant period, Plaintiff and Collective Members were either paid hourly wages or were required to work a regular schedule with hours set by Defendants but without being paid hourly wages; and neither Plaintiff nor the Collective Members was paid a salary.

54.     Throughout the relevant period, Defendants violated the FLSA by engaging in a common scheme requiring, suffering, or permitting Plaintiff and the Collective Members to work as purported independent contractors when in reality they were employees and thereby forcing Plaintiff and the Collective Members to pay employer-side payroll taxes on their own work instead of Supreme paying them.

55.     Throughout the relevant period, Defendants violated the FLSA by engaging in a common scheme requiring, suffering, or permitting Plaintiff and the Collective Members to work under 40 hours per week without minimum wage pay for all hours worked.

56.     Throughout the relevant period, Defendant violated the FLSA by engaging in a common scheme requiring, suffering, or permitting Plaintiff and the Collective Members to work more than 40 hours per week without overtime pay.

57.     Throughout the relevant period, Plaintiff and the Collective Members worked under 40 hours per week but were not paid a minimum wage of at least the legally required minimum amount per hour for all such work.

58.     Throughout the relevant period, Plaintiff and the Collective Members worked in excess of 40 hours per week but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

59.     Throughout the relevant period, Defendants violated the FLSA by failing to keep accurate, contemporaneous records of the hours Plaintiff and Collective Members actually worked each week. While, under the circumstances, Defendants' time records will not fully demonstrate Plaintiff's and Collective Members' regular and overtime work, other records and data points exist that will confirm the nature and extent of Plaintiff's and Collective Members' overtime work.

60.     Plaintiff and the Collective Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of regular and overtime wages owed for time worked under and/or in excess of 40 hours per week, and have been forced to pay employer-side payroll taxes on their own work instead of Supreme doing so, all of which allowed Defendants to derive direct and substantial benefits.

61.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees (*i.e.*, Collective Members).

62.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63.     Plaintiff has consented in writing to become a party plaintiff in this action and such consent is being filed with this Complaint. *See* Exhibit A

64.     Moreover, Dahari is the individual who had full operational control over all affairs of Supreme. Dahari knew, had reason to know, or, alternatively, recklessly disregarded, that Supreme had an obligation to pay regular and overtime wages to Plaintiff and the Collective Members. Yet, Supreme has failed to pay those regular and overtime wages to Plaintiff and the Collective Members, and Dahari knew and failed to remedy the same, even upon demand.

65.     As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees (*i.e.*, the Collective Members) have been deprived of regular compensation and/or overtime compensation and other wages, and have been forced improperly to pay employer-side payroll taxes on their own work instead of Supreme doing so, all in amounts to be determined at trial, and are entitled to recovery against Defendants, jointly and severally, of such amounts, liquidated damages of "an additional equal amount," prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**B.     COUNT 2: ALTERNATIVELY, DECLARATORY JUDGMENT
         (PLAINTIFF AND THE TEXAS CLASS MEMBERS V. DEFENDANTS)**

66.     All paragraphs through Section VII of this Petition are hereby incorporated by reference as if fully set forth herein.

67.     This Count 2 is plead in the alternative.

68.     Supreme forced Plaintiff and at least certain of the Texas Class Members to sign Independent Contractor Agreements. In reality, however, Plaintiff and the Texas Class Members who signed Independent Contractor Agreements with Supreme were really employees because they were subject to the direction and control of Supreme. Thus, the Independent Contractor

Agreements were merely a sham for Supreme to attempt to evade tax liability for employer-side payroll taxes that it must pay for employees but not for (legitimate) independent contractors.

69.     This Court is empowered by 28 U.S. Code § 2201 to declare the rights and other legal relations of the parties with respect to the Independent Contractor Agreements. Pursuant thereto, Plaintiff and the Texas Class respectfully request the Court declare that the Independent Contractor Agreements between, on the one hand, Supreme and, on the other hand, Plaintiff and the Texas Class Members, are invalid and unenforceable.

70.     Plaintiff has consented in writing to represent the Texas Class, and such consent is being filed with this Complaint. *See* <u>Exhibit B</u>.

71.     Plaintiff and the Texas Class seek all other relief available in connection with such judicial declaration.

## C.    COUNT 3: ALTERNATIVELY, BREACH OF CONTRACT<br>(PLAINTIFF AND THE TEXAS CLASS MEMBERS V. SUPREME)

72.     All paragraphs through Section VII of this Petition are hereby incorporated by reference as if fully set forth herein.

73.     This Count 3 is plead in the alternative.

74.     Plaintiff and the Texas Class Members had valid, binding oral contracts of employment with Supreme, and any Independent Contractor Agreements they had with Supreme are void and unenforceable.

75.     Plaintiff and the Texas Class Members performed their obligations under those oral contracts, including working for Supreme.

76.     Supreme breached those contracts by failing to pay Plaintiff and the Texas Class Members regular and overtime pay for hours worked for Supreme and by failing to pay and forcing

Plaintiff and the Texas Class Members to pay employer-side payroll taxes for work performed by Plaintiff and the Texas Class Members for Supreme.

77.    Supreme's breaches of those contracts caused Plaintiff and the Texas Class Members to suffer damages, including the regular and overtime pay they did not receive for the work they performed and the employer-side payroll taxes they were forced improperly to pay.

78.    Plaintiff has consented in writing to represent the Texas Class, and such consent is being filed with this Complaint. *See* <u>Exhibit B</u>.

79.    Due to Supreme's breaches of contract, Plaintiff and the Texas Class Members seek and are legally entitled to recover from Supreme actual damages (including unpaid regular and overtime pay and employer-side payroll taxes), attorneys' fees, costs, and pre-judgment and post-judgment interest.

**D.    COUNT 4: NEGLIGENCE**
**(PLAINTIFF V. SUPREME)**

80.    All paragraphs through Section VII of this Petition are hereby incorporated by reference as if fully set forth herein.

81.    On or about January 28, 2024, while performing work on behalf of Supreme repairing a garage door, and through the negligence of Supreme, its agents, servants, employees, representatives, or others for whom Supreme was and is legally responsible, Plaintiff suffered severely painful injuries when he was struck in the face and head by metal.

82.    On the date in question Supreme was a nonsubscriber to workers' compensation insurance under the Texas Worker's Compensation Act.

83.    As Supreme is a "non-subscribing employer," it is responsible for its employees' work-related injuries under common law principles. At common law, employers owe certain non-delegable and continuous duties to their employees who are acting in the course and scope of their

employment relationship. These include the duties to warn about the hazards of employment that are not commonly known to or already appreciated by employees; to supervise activities; to furnish a reasonably safe workplace; to furnish reasonably safe instrumentalities with which to work; and to provide necessary equipment, training or supervision.

84.    The incident made the basis of this suit and the resulting injuries and damages suffered by Plaintiff were proximately caused by the negligence of Supreme and/or those for whom Supreme is legally responsible, including but not limited to: a) failing to properly train Plaintiff in the proper and safe operation or use of the relevant equipment or machinery; b) failing to properly train Plaintiff to identify, appreciate, and avoid the relevant hazards associated with his work, including those presenting risks of serious bodily harm; c) failing to warn Plaintiff of the specific hazards associated with his work; d) failing to implement reasonable and necessary policies and procedures regarding the relevant operations; e) failing to provide Plaintiff with a reasonably safe workplace; and f) failing to exercise ordinary care as a reasonably prudent person/company would have done under the same or similar circumstances. The negligent acts and omissions of Supreme were and are a proximate cause of injuries and damages made the basis of this suit.

85.    Supreme is also liable for Plaintiff's injuries and damages under the theory of *respondeat superior*, as Plaintiff was acting within the course and scope of his employment with Supreme at the time of the incident in question, and the act described herein was within the scope of Plaintiff's general authority, in furtherance of Supreme's business, and for the accomplishment of the object for which Plaintiff was hired by Supreme.

86.    Furthermore, as Supreme was a nonsubscriber to workers' compensation insurance under the Texas Workers' Compensation Act, Supreme is barred from asserting any common law defenses, including but not limited to any defense based upon any alleged contributory negligence

of the Plaintiff, Plaintiff's assumption of the risk of injury, or whether the negligence of a fellow servant caused or contributed to the injury.

87.     As a proximate result of Supreme's negligence, Plaintiff suffered bodily injury. Plaintiff suffered, seeks recovery of, and is legally entitled to recover the following damages:

     a.   Physical pain and mental anguish in the past and future;

     b.   Medical expenses in the past and future;

     c.   Physical impairment in the past and future; and

     d.   Lost wages in the past and future.

## IX. <u>JURY DEMAND</u>

88.     Plaintiff hereby demands a trial by jury in the above-captioned matter.

## X. <u>PRAYER</u>

For the foregoing reasons, Plaintiff, on behalf of himself, the FLSA Collective Members, and the Texas Class Members, prays for the following relief:

     a.   Entry of an Order requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt, hourly paid employees or as independent contractors during the applicable statute of limitations period, but were not paid a minimum wage for all time worked under 40 hours per week and/or were not paid an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week and/or were forced to pay employer-side payroll taxes for their own work as employees misclassified by Supreme as independent contractors.

     b.   Entry of an Order authorizing Plaintiff's counsel to issue a notice informing Collective Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit.

     c.   Entry of an Order designating the named Plaintiff Yogev Shat as class representative of the Texas Class, and counsel of record as Class Counsel.

     d.   Entry of an Order authorizing Plaintiff's counsel to issue a notice informing Texas Class Members that this action has been filed, of the nature of the action, and of their right to opt-out to this lawsuit.

e.      Issuance of a declaratory judgment that the practices complained of in this Original Verified Collective or, Alternatively, Class Action Complaint are unlawful under applicable federal and state law and that Plaintiff and any Class Members' Independent Contractor Agreements with Supreme are invalid, void, and unenforceable.

f.      Entry of an Order or judgment that Defendants willfully violated the applicable minimum wage and/or overtime provisions of the FLSA by failing to pay all required wages to Plaintiff and the Class Members and/or requiring Plaintiff and the Class Members to pay employer-side payroll taxes for their own work.

g.      Entry of judgment in favor of Plaintiff and the Class Members on their FLSA and/or, alternatively, declaratory judgment and breach of contract claims, including without limitation:

1.   Awarding declaratory judgment to Plaintiff and the Class Members that Plaintiff and any Class Members' Independent Contractor Agreements with Supreme are invalid, void, and unenforceable

2.   Awarding compensatory damages to Plaintiff and the Class Members in an amount to be determined by the jury;

3.   Awarding statutory liquidated damages to Plaintiff and the Class Members in an amount equal to the compensatory damages awarded;

4.   Awarding all costs and attorneys' fees incurred in prosecuting this case;

5.   Awarding pre-judgment and post-judgment interest to Plaintiff and the Class Members;

6.   Awarding reasonable incentive awards to the Named Plaintiff to compensate him for the time and effort he has spent and will spend protecting the interest of other Class Members, and the risks he is undertaking;

7.   Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

8.   Awarding all other relief that the Court deems just and equitable; and

9.   Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

h.      Entry of judgment in favor of Plaintiff for negligence against Defendants, including awarding actual damages, costs, interest, and all other available relief.

Dated: August 27, 2024.                    Respectfully Submitted,

                                           /s/ Michael R. Steinmark
                                           **MICHAEL R. STEINMARK**
                                           State Bar No. 24051384
                                           **BRUCE W. STECKLER**
                                           State Bar No. 00785039

                                           **STECKLER WAYNE & LOVE, PLLC**
                                           12720 Hillcrest Road, Suite 1045
                                           Dallas, TX 75230
                                           Telephone: 972-387-4040
                                           Facsimile: 972-387-4041
                                           michael@stecklerlaw.com
                                           bruce@stecklerlaw.com

                                           **AND**

                                           The Kashar Law Firm, P.C.
                                           3010 LBJ Freeway, Ste. 1200
                                           Dallas, TX 75234
                                           (972) 888-6018 – Telephone
                                           (469) 249-9074 – Facsimile
                                           kashar@kasharlaw.com

                                           By:/s/ Jennifer Kashar
                                           Jennifer Kashar
                                           State Bar No. 24002074

                                           **ATTORNEYS FOR PLAINTIFF AND THE
                                           PUTATIVE COLLECTIVE AND CLASS**

## **VERIFICATION**

My name is Yogev Shat, my date of birth is  7-30-90                              ,   and   my

address is  14332 Montfort Dr, dallas texas 75254    ,         County, Texas  Dallas  , U.S.A. I declare and

verify under penalty of perjury under the laws of the State of Texas and the United States of

America that I have read the foregoing Original Verified Collective Action or, Alternatively, Class

Action Complaint, and, to the best of my personal knowledge, information known or available to

me at this time, belief, and investigation, the allegations therein are true and correct.

Executed in  Dallas          County, State of Texas, on August  23    , 2024.

_____

Yogev Shat, Declarant